United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30470

_____

BRENNAN'S INC; OWEN E BRENNAN, JR; JAMES C BRENNAN; THEODORE M BRENNAN

　　　　　　Plaintiffs - Appellants - Cross-Appellees

　　v.

DICKIE BRENNAN & COMPANY INC; RICHARD J BRENNAN, JR

　　　　　　Defendants - Appellees - Cross-Appellants

RICHARD J BRENNAN; COUSINS RESTAURANTS INC; SEVEN SIXTEEN IBERVILLE LLC

　　　　　　Defendants - Appellees

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
_____

## ON PETITION FOR REHEARING

Before KING, Chief Judge, and BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:

　　The defendants have filed a petition for panel rehearing in which they ask that we further limit the scope of the proceedings on remand.

　　Parts II.C.1 and II.C.2 of our opinion explained that the 1998 Agreement shields Richard Brennan Jr. (Dickie) and his

companies from trademark liability for uses permitted under the Agreement, but not from liability for uses that exceed the Agreement's permissions. The jury found that uses associated with Dickie Brennan's Steakhouse, but not Dickie Brennan's Palace Café, exceeded the permissions of the 1998 Agreement. We clarify our mandate to make explicit that the plaintiffs may not pursue on remand a trademark action against either Dickie or Cousins (which operates the Palace Café) with regard to the Palace Café.

The defendants argue that there is no need for a remand even regarding the Steakhouse restaurant, on the ground that the plaintiffs' contract-based lost-profits award provides a complete recovery on any trademark-related cause of action. Pet. for Reh'g at 4-13. Our opinion indicated that the plaintiffs might not be able to obtain any additional relief, but it is for the district court to determine in the first instance whether trademark-specific remedies are available and appropriate in this case and whether the jury's award was inadequate to capture the losses compensable in a trademark action.

Relying on an argument on which our opinion expressed no view, see __ F.3d at __ [slip op. at 2846 n.7], the defendants ask that we limit the scope of the actions that may be pursued on remand against Richard Brennan Sr. Pet. for Reh'g at 3-4. Their arguments in this regard may be addressed to the district court.

With that, the petition for rehearing is DENIED.